**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

NA'EEM OMARI                                                                                           PLAINTIFF

VS.                                        3:08CV00075 JMM/JTR

JOHN E. POTTER, POSTMASTER
GENERAL, UNITED STATES
POSTAL SERVICE                                                                                      DEFENDANT

**ORDER**

Pending before the Court[1] is Plaintiff's Motion for Appointment of Counsel. (Docket entry #3.) For the reasons set forth herein, the Motion will be granted.

Plaintiff filed this action alleging that Defendant discriminated against him in violation of Title VII. (Docket entry #2.) Title VII provides, in pertinent part, that a court may appoint counsel to represent a plaintiff under "such circumstance as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). Because a civil litigant has no constitutional or statutory right to court-appointed counsel, the decision whether to make an appointment is within the Court's discretion. *See Sours v. Norris*, 782 F.2d 106, 107 (8th Cir. 1986) (*per curiam*). The factors that are relevant to the Court's decision are whether: (1) the plaintiff can afford to hire an attorney; (2) the plaintiff has made a good-faith effort to retain an attorney, but has been unable to do so; (3) there is some factual basis for the plaintiff's lawsuit; and (4) the nature of the litigation is such that the plaintiff and the Court would benefit from the assistance of counsel. *See Slaughter v. Maplewood*, 731 F.2d 587, 589 (8th Cir.

---

[1] United States District Judge James M. Moody referred Plaintiff's Motion to this Court for disposition. (Docket entry #4.)

1984); *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984).

As to the first factor, the Court notes that Plaintiff has been granted *in forma pauperis* status. (Docket entry #4.) As to the second factor, Plaintiff has filed a letter explaining his efforts to retain counsel. (Docket entry #19.) Furthermore, there appears to be some factual basis for his claim. Finally, the Court concludes that Plaintiff and the Court would benefit from the assistance of counsel.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Appointment of Counsel (docket entry #3) is GRANTED. J. Ray Baxter, 310 West Conway, Benton, AR 72015, 501-315-0615, robin@baxterlaw.net is APPOINTED to represent Plaintiff in this action.

Dated this 19th day of September, 2008.

_____
UNITED STATES MAGISTRATE JUDGE